IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SARA RILEY , | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | Case No. 3:22-cv-00662 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Judge William F. Campbell, Jr. |
| | ) | |
| CENTERSTONE OF AMERICA, INC., | ) | Magistrate Judge Alistair Newbern |
| CENTERSTONE OF INDIANA, INC., and | ) | |
| CENTERSTONE OF TENNESSEE, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS
## PRELIMINARY APPROVAL OF CLASS SETTLEMENT

This matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement Agreement. Plaintiff Sara Riley, individually and on behalf of the proposed Settlement Class, and Defendants Centerstone of America Inc., Centerstone of Indiana, Inc., and Centerstone of Tennessee, Inc. (collectively "Centerstone" or "Defendants") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation on a class basis.

This matter concerns a putative class action arising out of a data breach that Centerstone disclosed on or around August 2, 2022 (the "Data Breach") in which an unauthorized party accessed three employees' email accounts between November 4, 2021 and February 14, 2022, and obtained sensitive personal and health related information on approximately 5,300 of Centerstone's patients.

In August 2022, Plaintiff filed her class action lawsuit on behalf of all of Centerstone's current and former patients whose PII was potentially accessed in the Data Breach. Plaintiff asserted various claims against Centerstone, including negligence, breach of contract, unjust

enrichment, invasion of privacy, and claims under various state consumer laws.

The Parties, through their counsel, have entered into a Settlement Agreement following good faith, arm's-length negotiations. The Parties have agreed to settle this action, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the Settlement which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiff's Unopposed Motion for Preliminary Approval is granted as set forth herein.[1]

1. **Class Certification for Settlement Purposes Only.** For settlement purposes only and pursuant to Rule 23(b)(3) and (e), the Court provisionally certifies a Settlement Class in this matter defined as follows:

All individuals who were mailed a notification by or on behalf of Centerstone on or or about August 2, 2022 regarding the Data Breach.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) Plaintiff and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as Plaintiff has no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement Agreement

2

2.    **Settlement Class Representative and Settlement Class Counsel**.

Plaintiff Sara Riley is hereby provisionally designated and appointed as the Settlement Class Representative. The Court provisionally finds that the Settlement Class Representative is similarly situated to absent Class Members and therefore typical of the Class and that she will be an adequate Settlement Class Representative.

The Court finds Mason A. Barney of Siri & Glimstad LLP is experienced and adequate counsel and is hereby provisionally designated as Settlement Class Counsel.

3.    **Preliminary Settlement Approval**. Upon preliminary review, the Court concludes and finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing Notice of the Settlement to the Settlement Class and accordingly is preliminarily approved.

4.    **Jurisdiction**. The Court concludes that it has subject matter jurisdiction and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this court.

5.    **Final Approval Hearing**. A Final Approval Hearing shall be held on **April 26, 2024, at 10:00 a.m.**, in the Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 6D, 719 Church Street, Nashville, TN 37203, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes; (b) the Settlement should be finally approved as fair, reasonable, and adequate; (c) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the Motion of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved; and (f) the Motion of the Settlement Class Representative for a Service Award (the "Service Award Request") should be approved.

Plaintiff's Motion for Attorneys' Fees, Costs, and a Service Award shall be filed 14 Days prior to Settlement Class Members' Deadlines to object to or exclude themselves from the Settlement Agreement. By no later than 14 Days prior to the Final Approval Hearing,

the Parties shall file responses, if any, to any objections, and any replies in support of Plaintiff's Motion for Attorneys' Fees, Costs, and a Service Award.

Plaintiff's Motion for Final Approval of the Settlement shall be filed with the Court at least 14 Days prior to the Final Approval Hearing. By no later than 7 Days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Service Award Request and Fee Request.

6. **Administration.** The Court appoints Postlethwaite & Netterville as the Settlement Administrator, with responsibility for Class Notice and Claims Administration and to fulfill the duties of the Settlement Administrator set forth in the Settlement Agreement. Defendants shall pay all costs and expenses associated with providing notice to Settlement Class Members including, but not limited to, the Settlement Administrator's fees, as well as the costs associated with administration of the Settlement.

7. **Notice to the Class.** The Notice Program described in the Settlement Agreement and attached to this Order includes the following proposed Notice and claim forms:

Exhibit A: Postcard Notice

Exhibit B: Email Notice

Exhibit C: Longform Notice

Exhibit D: Claim Form

The proposed Notice Program set forth in the Settlement Agreement, and the Postcard Notice, Email Notice, Longform Notice, and Claim Form attached to the Settlement Agreement as Exhibits A, B, C, and D, respectively, satisfy the requirements of the Federal Rules of Civil Procedure, provide the best notice practicable under the circumstances and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court.

Within **30 days from the date of this Order** (the "Notice Deadline"), the Settlement Administrator shall complete the Notice Program in the manner set forth in Sections VII and IX of the Settlement Agreement.

8. **Findings and Conclusions Concerning Notice.** The Court finds that the form,

4

content, and method of giving notice to the Settlement Class as described in in this Order and in Section VII of the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable Notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice. The Court concludes that the Notice Program meets all applicable requirements of law, including Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

9. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **45 Days after the Notice Deadline** (the "Opt-Out Period"). The written notification must include the individual's full name, and current address; an unequivocal statement that he or she wants to be excluded from the Settlement Class; and the original signature of the individual or a person previously authorized by law, to act on behalf of the individual with respect to the claims asserted in this Action.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than **10 Days prior to the Final Approval Hearing**.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement Agreement. If a Final Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid

5

written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Persons relating to the claims and transactions released in the Settlement Agreement. All Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

10. **Objections and Appearances.** A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Award Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless the objection is postmarked and mailed to the Settlement Administrator by no later than **45 Days after the Notice Deadline** (the "Objection Deadline"). For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 57 of the Settlement Agreement, which is as follows:

(i)     the name of the proceedings;

(ii)    the Settlement Class Member's full name, current mailing address, and telephone number;

(iii)   a statement of the specific grounds for the objection, as well as any documents supporting the objection;

(iv)    a statement as to whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class;

(v)     the identity of any attorneys representing the objector;

(vi)    a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and

(vii)   the signature of the Settlement Class Member.

6

Any Settlement Class Member who fails to comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if Final Order and Judgment is entered.

Any Settlement Class Member, including a Settlement Class Member who submits a timely written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Award Request, or the Fee Request.

If Final Order and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Award Request, or the Fee Request.

11. **Claims Process and Distribution and Allocation Plan.** Plaintiff and Defendants have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the plan for remuneration described in Section IV of the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit,

7

but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Order and Judgment.

12. **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

13. **Use of Order.** This Order shall be of no force or effect if Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiff or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

14. **Stay of Proceedings.** Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Order and Judgment, or until further order of this Court.

15. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

16. **Summary of Deadlines.** The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under

8

the Settlement Agreement and this Order include but are not limited to:

| Event | Deadline |
| --- | --- |
| Defendant to provide Settlement Class Member contact information to the Settlement Administrator | 21 days after entry of the Preliminary Approval Order |
| Notice Date | 30 days after entry of the Preliminary Approval Order |
| Deadline to submit Motion for Attorneys' Fees and Costs and Service Award | 14 days before the Objection Deadline |
| Objection Deadline | 45 days from the Notice Date |
| Opt-Out Deadline | 45 days from the Notice Date |
| Claims Deadline | 90 days from the Notice Date |
| Motion for Final Approval | 45 days from the Claims Deadline and at least 14 days before Final Approval Hearing |
| Final Approval Hearing | April 26, 2024, at 10:00 a.m. |

It is so **ORDERED**.

_____

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

# Exhibit A

# You may be eligible for payment and credit monitoring from Centerstone.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class action lawsuit against Centerstone of America, Inc., Centerstone of Indiana, Inc., and Centerstone of Tennessee, Inc. (collectively "Centerstone") relating to the unauthorized access to computer systems at Centerstone in or around November 2021 (the "Data Breach"). The computer systems possibly affected by the Data Breach potentially contained certain personal and protected health information relating to current and former Centerstone patients. The Plaintiff claims that Centerstone was responsible for the Data Breach and asserts various claims against Centerstone. Centerstone denies all of the claims and says it did not do anything wrong.

**WHO IS INCLUDED?** Centerstone records show you are an individual whose private information was potentially impacted by the Data Breach, and who was mailed a notification of the Data Breach on or about August 2, 2022. Therefore, you are included in this Settlement as a "Settlement Class member."

**SETTLEMENT BENEFITS.** There are two types of payments available to people who submit valid claims and have incurred one or both of the following: 1) up to $500 for out-of-pocket expenses and documented lost time that resulted from the Data Breach; and 2) reimbursement of up to $2,500 for extraordinary expenses which were more likely than not caused by the Data Breach. Settlement Class Members can also submit a claim for credit monitoring and identity theft protections for up to two years (see settlement website for details). Centerstone has also committed to improved data security measures in the future.

**THE ONLY WAY TO RECEIVE A PAYMENT OR CREDIT MONITORING IS TO FILE A CLAIM.** To get a Claim Form, visit the settlement website (www.XXXXXX.com) or call 1-XXX-XXX-XXXX. The claim deadline is **Month Day, 2024**.

**OTHER OPTIONS.** If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Centerstone for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month Day, 2024**. If you stay in the Settlement, you may object to it by **Month Day, 2024**. A more detailed notice is available to explain how to exclude yourself or object. Please visit the settlement website (www.XXXXXX.com) or call 1-XXX-XXX-XXXX for a copy of the more detailed notice. On **Month Day, 2024**, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses of $195,000 and a service award of $2,500 for the Plaintiff. The Motion for attorneys' fees will be posted on the website after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

| www.XXXXXXXXX.com | 1-XXX-XXX-XXXX |
|---|---|

# Exhibit B

**To [NAME],**

## You may be eligible for payment and credit monitoring from Centerstone.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class action lawsuit against Centerstone of America, Inc., Centerstone of Indiana, Inc., and Centerstone of Tennessee, Inc. (collectively "Centerstone") relating to the unauthorized access to computer systems at Centerstone in or around November 2021 (the "Data Breach"). The computer systems possibly affected by the Data Breach potentially contained certain personal and protected health information relating to current and former Centerstone patients. The Plaintiff claims that Centerstone was responsible for the Data Breach and asserts various claims against Centerstone. Centerstone denies all of the claims and says it did not do anything wrong.

**WHO IS INCLUDED?** Centerstone records show you are an individual whose private information was potentially impacted by the Data Breach, and who was mailed a notification of the Data Breach on or about August 2, 2022. Therefore, you are included in this Settlement as a "Settlement Class member."

**SETTLEMENT BENEFITS.** The Settlement provides for payments, credit monitoring, and equitable relief. There are two types of payments available to people who submit valid claims and have incurred one or both of the following: 1) up to $500 for out-of-pocket expenses and documented lost time that resulted from the Data Breach; and 2) Reimbursement of up to $2,500 for extraordinary expenses which were more likely than not caused by the Data Breach. Settlement Class Members can also submit a claim for credit monitoring and identity theft protections. Centerstone has also committed to improved data security measures in the future.

**THE ONLY WAY TO RECEIVE A PAYMENT OR CREDIT MONITORING IS TO FILE A CLAIM.** To get a Claim Form, visit the settlement website (www.XXXXXX.com) or call 1-XXX-XXX-XXXX. The claim deadline is **Month Day, 2024**.

**OTHER OPTIONS.** If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Centerstone for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month Day, 2024**. If you stay in the Settlement, you may object to it by **Month Day, 2024**. A more detailed notice is available to explain how to exclude yourself or object. Please visit the settlement website (www.XXXXX.com) or call 1-XXX-XXX-XXXX for a copy of the more detailed notice. **On Month Day, 2024**, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses of $195,000 and a service award of $2,500 to the Representative Plaintiff. The Motion for attorneys' fees will be posted on the settlement website after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

| www.XXXXXXXXX.com | 1-XXX-XXX-XXXX |

# Exhibit C

**If you were mailed a notice by Centerstone on or about
August 29, 2022 regarding a Data Breach, you may be eligible for payment and
credit monitoring.**

*Para una notificación en Español, visitar www.XXXXXXXXXXXXXX.com.*

*A District Court authorized this Notice. This is <u>not</u> junk mail, an advertisement, or a solicitation from a lawyer.*

- A settlement has been proposed in a class action lawsuit against Centerstone of America, Inc., Centerstone of Indiana, Inc., and Centerstone of Tennessee, Inc. (collectively "Centerstone") relating to the unauthorized access of certain computer systems at Centerstone in or about November 2021 (the "Data Breach"). The computer systems accessed may have contained some combination of patient names, social security numbers, dates of birth, driver's license or state identification card numbers, medical diagnosis or treatment information, Medicaid and/or Medicare information, and/or health insurance information related to the care received at Centerstone.

- If you received a notification from Centerstone, you may be included in this Settlement as a "Settlement Class member."

- The Settlement provides payments to people who submit valid claims for reimbursement of certain expenses related to the Data Breach. It also provides for credit monitoring and identity theft protection services to be provided to claimants as well as for improvements to be made to Centerstone's data security systems.

- Your legal rights are affected regardless of whether you do or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way you can receive payment and/or credit monitoring services is if you submit a valid claim form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you exclude yourself from this Settlement, you will not get any payment or credit monitoring services from the Settlement, but you also will not release your claims against Centerstone. This is the only option that allows you to be part of any other lawsuit against Centerstone for the legal claims resolved by this Settlement. If you exclude yourself from the Settlement, you may not object to the Settlement. |
| **OBJECT TO THE SETTLEMENT** | To object to the settlement, you can write to the Court with reasons why you do not agree with the Settlement. You may ask the Court for permission for you or your attorney to speak about your objection at the Final Fairness Hearing at your own expense. |
| **DO NOTHING** | If you do nothing, you will not get any payment from this Settlement and you will give up certain legal rights. Submitting a valid claim form is the only way to obtain payment from this Settlement. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice. For complete details, view the Settlement Agreement, available at *www.XXXXXXXXXXXXXX.com,* or call 1-___-___-____.

- The Court in charge of this case still has to decide whether to grant final approval the Settlement. Payments will only be made if the Court grants final approval of the Settlement and after any appeals are resolved.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 3**
    1. Why is this Notice being provided?
    2. What is this lawsuit about?
    3. What is a class action?
    4. Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?**. . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . **PAGE 4**
    5. How do I know if I am part of the Settlement?
    6. Are there exceptions to being included in the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** . . . . . . . . . . . . . . . . **PAGE 4**
    7. What does the Settlement provide?
    8. What payments are available for Expense Reimbursement?
    9. What payments are available for Extraordinary Expense Reimbursement?
    10. What is included in the Identity Theft Monitoring Services?

**HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM** . . . . . . . . . . . . .. . . . . . . . . . . . . .**PAGE 6**
    11. How do I get benefits from the Settlement?
    12. How will claims be decided?
    13. When will I get my payment?

**REMAINING IN THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 6**
    14. Do I need to do anything to remain in the Settlement?
    15. What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 7**
    16. If I exclude myself, can I still get payment from the Settlement?
    17. If I do not exclude myself, can I sue Centerstone for the same thing later?
    18. How do I get out of the Settlement?

**THE LAWYERS REPRESENTING YOU** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 7**
    19. Do I have a lawyer in this case?
    20. How will Class Counsel be paid?

**OBJECTING TO THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 8**
    21. How do I tell the Court that I do not like the Settlement?
    22. What is the difference between objecting to and excluding myself from the Settlement?

**THE COURT'S FINAL FAIRNESS HEARING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 9**
    23. When and where will the Court decide whether to approve the Settlement?

24. Do I have to come to the Final Fairness Hearing?
25. May I speak at the Final Fairness Hearing?

**IF YOU DO NOTHING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . **PAGE 9**

26. What happens if I do nothing?

**GETTING MORE INFORMATION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 10**

27. Are more details about the Settlement available?
28. How do I get more information?

**BASIC INFORMATION**

| 1. Why is this Notice being provided? |
|---|

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement, and after objections or appeals, if any, are resolved, the Settlement Administrator appointed by the Court will distribute the payments that the Settlement allows. This Notice explains the lawsuit, the Settlement, your legal rights, what payments are available, who is eligible for them, and how to get them.

The Court overseeing this case is the United States District Court for the Middle Distict of Tennessee. The case is known as *Riley v. Centerstone of America, Inc., et al.*, Case No. 3:22-cv-00662 (the "Lawsuit"). Sara Riley, the person who filed the Lawsuit, is called the Plaintiff and the entities she sued, Centerstone, are called the Defendants.

| 2. What is this lawsuit about? |
|---|

The Lawsuit claims that Centerstone is liable for the Data Breach and asserts claims for: negligence, negligence *per se*, breach of contract, breach of implied contract, violation Of Tennesee Consumer Protection Act Of 197 (Tenn. Code Ann. §§ 47-18-101, *et seq.*), violation Of Indiana Deceptive Consumer Sales Act (Ind. Code §§ 24-5-0.5-0.1 *et seq.*), intrusion upon seclusion/invasion of privacy, unjust enrichment, declaratory judgment. The Lawsuit seeks, among other things, payment and credit monitoring for persons who were injured by the Data Breach.

Centerstone has denied and continues to deny all of the claims made in the Lawsuit, as well as all charges of wrongdoing or liability against it.

| 3. What is a class action? |
|---|

In a class action, one or more people called Class Representatives (in this case, Sara Riley) sue on behalf of people who have similar claims. Together, all these people are called a Class or Class members. If a class is certified, one Court and one judge resolves the issues for all Class members, except for those who exclude themselves from the Settlement Class.

| 4. Why is there a Settlement? |
|---|

The Court did not decide in favor of the Plaintiff or Centerstone. Instead, the Plaintiff negotiated a settlement with Centerstone that allows both Plaintiff, the proposed Class, and Centerstone to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. The Settlement provides benefits and allows Settlement Class members to obtain payment for certain

3

costs without further delay. Plaintiff and her attorneys think the Settlement is in the best interest of all Settlement Class members. This Settlement does not mean that Centerstone did anything wrong.

<u>**WHO IS INCLUDED IN THE SETTLEMENT?**</u>

| **5.   How do I know if I am part of the Settlement?** |
| --- |

You are part of this Settlement as a Settlement Class member if you were mailed a notice by Centerstone on approximately August 2, 2022 regarding the Data Breach. Approximately 5,000 individuals were notified of the Data Breach.

| **6.   Are there exceptions to being included in the Settlement?** |
| --- |

Yes. Specifically excluded from the Settlement Class is any person who submits a valid request for exclusion to the Settlement Administrator.

<u>**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**</u>

| **7.   What does the Settlement provide?** |
| --- |

The Settlement provides for a total Maximum Payout of $900,000 which will include payments for claimed expense reimbursements by members of the Class, costs for claimed Identity Theft Monitoring Services, settlement administration costs, a service award to the Plaintiff, and attorney's fees and costs.

There are two types of payments that are available to Settlement Class Members: (1) <u>Expense Reimbursements</u> (Question 8, below) and (2) <u>Extraordinary Expense Reimbursements</u> (Question 9, below).  You may submit a claim for either or both types of payments if you have incured the defined costs under these categories.  To claim each type of payment, you must provide supporting documentation and/or attestation with the Claim Form, as described below.

The Settlement also provides for <u>Identity Theft Monitoring Services</u> (Question 10, below) to be provided to Settlement Class Members who submit a valid calim for such services.

The Settlement also provides that Centerstone has improved its information security enhancements since the Data Breach, and commits to continuing security enhancements in 2023. The enhancements include: third-party security monitoring, third-party logging, network monitoring, firewall enhancements, email enhancements, and equipment ugrades.

| **8.   What payments are available for Expense Reimbursement?** |
| --- |

Class Members are eligible to receive reimbursement of up to $500 (in total) for the following categories of out-pocket expenses that happened because of the Data Breach:

- bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel;

- fees for credit reports, credit monitoring, or other identity theft insurance product purchased between August 2, 2022 and [insert the date of the Preliminary Approval Order];

- reimbursement of up to four hours of documented lost time (at $15 per hour) spent dealing with the Data Breach, for example, time spent dealing with replacement card issues, reversing fraudulent charges, rescheduling medical appointments and/or finding alternative medical care and treatment, retaking or submitting to medical tests, locating medical records, retracing medical history, and any other disruption to medical care and treatment, but only if at least one full hour was spent, and only if that time can be documented with a sworn statement detailing how the time was spent.

## 9. What payments are available for Extraordinary Expense Reimbursement?

Class Members who had other extraordinary unreimbursed monetary losses because of information compromised as part of the Data Breach, above and beyond those categories of costs above under "Expense Reimbursement," are eligible to make a claim for reimbursement of up to $2,500. As part of the claim, the Class Member must show that: (1) it is an actual, documented, and unreimbursed monetary loss; (2) the loss is fairly traceable to the Data Breach; (3) the loss occurred during the time period from November 1, 2021 through and including the date of the end of the applicable claims period; (4) the loss is not already covered by one or more of the categories in Question 8; and (5) a reasonable effort was made to avoid the loss or seek reimbursement for the loss (including exhaustion of all available credit monitoring insurance and identity theft insurance).

More details are provided in the Settlement Agreement, which is available at www.XXXXXXXXXXXXX.com.

## 10. What is included in the Identity Theft Monitoring Services?

The Identity Theft Monitoring Services offered by Centerstone will be provided to Class Members who submit valid claim forms for a time period of (1) two years to those Class Members whose personal or financial information was potentially impacted in the Data Breach, and who did *not* opt in for the credit monitoring services Defendants offered in connection with the August 2, 2022 Data Breach notice and (2) one additional year to those Class Members who already elected to receive the one year of monitoring Defendant offered as part of the August 2, 2022 Data Breach notice.

The Identity Theft Monitoring Services include:
- Real time monitoring of the credit file at all three bureaus;
- Dark web scanning with immediate notification of potential unauthorized use;
- Comprehensive public record monitoring;
- Medical identity monitoring;
- Identity theft insurance (no deductible); and
- Access to fraud resolution agents to help investigate and resolve identity thefts.

5

## HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM

| **11. How do I get benefits from the Settlement?** |
|---|

To ask for a payment, you must complete and Submit a Claim Form. Claim Forms are available at *www.XXXXXXXXXXXXXX.com*, or you may request one by mail by calling 1-XXX-XXX-XXXX. Read the instructions carefully, fill out the Claim Form, and submit it online, or mail it postmarked no later than **Month Day, 2024** to:

Centerstone Claims Administrator
PO Box XXXXX
City, State zip code

| **12. How will claims be decided?** |
|---|

The Claims Administrator has sole discretion to decide whether the information provided on a Claim Form is complete and valid. The Claims Administrator may require additional information from any claimant. If the Claims Administrator requires additional information from you and you do not provide it in a timely manner, your claim may not be paid at the Claims Administrator's discretion.

| **13. When will I get my payment?** |
|---|

The Court will hold a Final Fairness Hearing at __:_0_.m. on Month Day, 2024 to decide whether to approve the Settlement. Even if the Court approves the Settlement, there may be appeals, and resolving them may take additional time. It also takes time for all the Claim Forms to be processed, depending on the number of claims submitted and whether any appeals are filed. Please be patient. If you have further questions regarding payment timing, you may call the Claims Administrator at _____.

## REMAINING IN THE SETTLEMENT

| **14. Do I need to do anything to remain in the Settlement?** |
|---|

You do not have to do anything to remain in the Settlement, but if you want a payment or to receive Identity Theft Monitoring Services, you must submit a Claim Form online or postmarked by **Month Day, 2024**. If you do nothing, you will remain in the Settlement but you **will not** receive payment or credit monitoring services.

| **15. What am I giving up as part of the Settlement?** |
|---|

If the Settlement becomes final, you will give up your right to sue Centerstone for the claims being resolved by this Settlement. The specific claims you are giving up against Centerstone and the parties you are releasing are described in Paragraphs 28 and 69-71 of the Settlement Agreement. The Settlement Agreement is available at www.*XXXXXXXXXXXXX*.com. The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions about what claims you are giving up and which parties you are releasing, you can

talk to the law firm listed in Question 19 for free or you can, of course, talk to your own lawyer at your own expense.

<b><span style="text-transform: uppercase">Excluding Yourself From the Settlement</span></b>

If you do not want a payment from this Settlement, but you want to keep the right to sue Centerstone about issues in the Litigation, then you must take steps to get out of the Settlement Class. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

| **16. If I exclude myself, can I still get payment from the Settlement?** |
|---|

No. If you exclude yourself from the Settlement, you will not be entitled to any benefits of the Settlement, and you will not be bound by any judgment in this case.

| **17. If I do not exclude myself, can I sue Centerstone for the same thing later?** |
|---|

No. Unless you exclude yourself from the Settlement, you give up any right to sue Centerstone for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you wish to exclude yourself from the Settlement, **do not** submit a Claim Form to ask for a payment or credit monitoring services.

| **18. How do I get out of the Settlement?** |
|---|

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from the Settlement in *Riley v. Centerstone of America, Inc., et al.*, Case No. 3:22-cv-00662. Your letter must also include your full name, current address, and signature. You must mail your exclusion request postmarked no later than **Month __, 2024** to:

Centerstone Settlement Exclusions<br>
P.O. Box _____<br>
[City] [ST] _____-____

<b><span style="text-transform: uppercase">The Lawyers Representing You</span></b>

| **19. Do I have a lawyer in this case?** |
|---|

Yes. The Court appointed the following attorney as "Class Counsel" to represent the Settlement Class:

 Mason A. Barney, SIRI & GLIMSTAD LLP, 745 Fifth Avenue, Suite 500, New York, New York 10151, Tel: (212) 532-1091, Email: mbarney@sirillp.com

You will not be charged for contacting Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

7

| **20. How will Class Counsel be paid?** |
|---|

If the Settlement is approved and becomes final, Class Counsel will ask the Court to award attorneys' fees, costs, and expenses in the amount of $195,000 (21 $^2/_3$% of the $900,000 Maximum Payout). Class Counsel will also request approval of a service award of $2,500 to the Plaintiff for her service to the Litigation. If approved, these amounts, as well as the costs of notice and settlement administration, will be paid by Centerstone.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

| **21. How do I tell the Court that I do not like the Settlement?** |
|---|

If you are a Settlement Class member, you can object to the Settlement if you do not like the benefits available under the Settlement, the attorney's fees claimed, or any other aspect of the Settlement. You can give reasons to the Court why you think the Court should not approve the Settlement. The Court will consider your views before making a decision. To object, you must submit a written objection to the Settlement Administrator stating that you object to the Settlement in *Riley v. Centerstone of America, Inc., et al.*, Case No. 3:22-cv-0662.

Your objection must include:

      (i)      the name of the proceedings;
      (ii)     your full name, current mailing address, and telephone number;
      (iii)    a statement of the specific grounds for the objection, as well as any documents supporting the objection;
      (iv)    a statement as to whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class;
      (v)     the identity of any attorneys representing the objector;
      (vi)    a statement regarding whether you (or your attorney) intend to appear at the Final Fairness Hearing; and
      (vii)   the signature of the Settlement Class Member or the Settlement Class Member's attorney.

Your objection must be postmarked no later than **Month __, 2024**, and sent to

Centerstone Settlement Objections
P.O. Box _____
[City] [ST] _____-_____

Any Settlement Class Member who does not send a timely and adequate objection in accordance with this section and Paragraph 56 of the Settlement Agreement may be deemed by the Court to have waived the right to object or to be heard at the Final Approval Hearing and may be forever barred from making any objection to the Settlement.

| **22. What is the difference between objecting to and excluding myself from the Settlement?** |
|---|

Objecting is telling the Court that you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Class in this Settlement. If you exclude yourself from the Settlement, you have no basis to object or submit a Claim Form because the Settlement no longer affects you.

### THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to. You cannot speak at the hearing if you exclude yourself from the Settlement.

| **23. When and where will the Court decide whether to approve the Settlement?** |
|---|

The Court will hold a Final Fairness Hearing at __:_0 _.m. on Month __, 2024, in the United States District Court for the Middle District of Tennessee, 800 Broadway, Nashville, TN 37203. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will take into consideration any timely sent written objections and may also listen to people who have asked to speak at the hearing (*see* Question 21). The Court will also decide whether to approve fees and costs to Class Counsel, and the service award to Plaintiff.

| **24. Do I have to come to the Final Fairness Hearing?** |
|---|

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the Final Fairness Hearing in Nashville at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

| **25. May I speak at the Final Fairness Hearing?** |
|---|

Yes, you may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must follow the instructions provided in Question 21 above. You cannot speak at the hearing if you exclude yourself from the Settlement.

### IF YOU DO NOTHING

| **26. What happens if I do nothing?** |
|---|

If you do nothing, you will not receive any payment or Identity Theft Monitoring Services from this Settlement. The only way to receive payment or credit monitoring services under the Settlement is to submit a valid and timely Claim Form.

If the Court approves the Settlement, and you do nothing, you will be bound by the Settlement Agreement and the Release. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Centerstone or related parties about the issues involved in this lawsuit, resolved by this Settlement, and released by the Settlement Agreement.

| 27. Are more details about the Settlement available? |
|---|

Yes. This Notice summarizes the proposed Settlement. More details are in the Stipulation and Settlement Agreement, which is available at *www.XXXXXXXXXXX.com*, or by writing to the Centerstone Settlement Administrator, P.O. Box _____, [City] [ST] _____-____.

| 28. How do I get more information? |
|---|

Go to *www.XXXXXXXXXXXXX.com*, call 1-___-___-___, or write to the Centerstone Settlement Administrator, P.O. Box _____, [City] [ST] _____-____.

***Please do not call the Court or the Clerk of the Court for additional information.
They cannot answer any questions regarding the Settlement or the Lawsuit.***

# Exhibit D

## CLAIM FORM

This claim form should be filled out online or submitted by mail if you received a notification from Centerstone of America, Inc., Centerstone of Indiana, Inc., and Centerstone of Tennessee, Inc. (collectively "Centerstone") relating to the unauthorized access of certain of Centerstone's employee's email accounts in or around November 2021 (the "Data Breach"), and you wish to make a claim for Identity Theft Monitoring Services, had out-of-pocket expenses, fraudulent charges, lost time spent dealing with the Data Breach, or unreimbursed extraordinary monetary losses as a result of the Data Breach. You may get a check and/or a code for Identity Theft Monitoring Services if you fill out this claim form, if the settlement is approved, and if you are found to be eligible.

The settlement notice describes your legal rights and options.  Please visit the official settlement administration website www._____.com, or call 1-_____  for more information.

If you wish to submit a claim for a settlement payment or Identity Theft Monitoring Services, you need to provide the information requested below.  Please type or print clearly in blue or black ink.  This claim form must be submitted online OR mailed and postmarked by **XXXXXX XX, 2024**.

### 1. CLASS MEMBER INFORMATION

Name *(REQUIRED)*: _____

_____
*Number and Street (REQUIRED)*

_____
*City (REQUIRED)*                           *State (REQUIRED)*          *Zip Code (REQUIRED)*

Telephone Number *(REQUIRED)*: (__) _____ Email Address (*REQUIRED*)
_____

### 2. IDENTITY THEFT MONITORING SERVICES

☐ **I would like to receive an enrollment code for Identity Theft Monitoring Services.**

☐ **I do NOT want to receive an enrollment code for Identity Theft Monitoring Services.**

### 3. PAYMENT ELIGIBILITY INFORMATION

Please review the notice and paragraph 39 of the Settlement Agreement (available at *www.XXXXXXXXXXXXXX.com*) for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed.

*Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.*

PLEASE PROVIDE THE INFORMATION LISTED BELOW:

Check the box for each category of out-of-pocket expenses, fraudulent charges, or lost time that you incurred/experienced  as a result of the Data Breach.  Please be sure to fill in the total amount you are claiming for each category and to attach documentation of the charges as described in **bold type** (if you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish).

### a. Ordinary Expenses Resulting from the Data Breach:

☐ **Ordinary Unreimbursed charges incurred as a result of the Data Breach.**

Examples - Bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel incurred between August 2, 2022 and the date or the Preliminary Approval Order, fees for credit reports, credit monitoring, or other identity theft insurance product purchased between August 2, 2022 and the date of the Preliminary Approval Order.

Total amount for this category $_____

*If you are seeking reimbursement for fees, expenses, or charges, please attach a copy of a statement from the company that charged you, or a receipt for the amount you incurred.*

*If you are seeking reimbursement for credit reports, credit monitoring, or another identity theft insurance product purchased between August 2, 2022 and the date of the Preliminary Approval Order, please attach a copy of a receipt or other proof of purchase for each credit report or product purchased.* (Note: By claiming reimbursement in this category, you certify that you purchased the credit monitoring or identity theft insurance product primarily because of the Centerstone Data Breach and not for any other purpose).

You may mark out any transactions that are not relevant to your claim before sending in the documentation.

☐ **Between one and three hours of documented time spent dealing with the Data Breach**

Examples – You spent at least one full hour calling customer service lines, writing letters or emails, or on the internet in order to get fraudulent charges reversed or in updating automatic payment programs because your card number changed. You spent at least one full hour rescheduling medical appointments and/or finding alternative medical care and treatment, retaking or submitting to medical tests, locating medical records, or retracing medical history as a result of the Data Breach. *Please note that the time that it takes to fill out this Claim Form is not reimbursable and should not be included in the total*.

Total number of hours claimed _____

*If the time was spent online or on the telephone, briefly describe what you did, or attach a copy of any letters or emails you wrote. If the time was spent trying to reverse fraudulent charges, briefly describe what you did. If the time was spent updating accounts due to your card being reissued, identify the other accounts that had to be updated. If the time spent related to your medical records or treatment, briefly describe what you did.*

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

_____
_____
_____

b. Extraordinary Expenses

☐ **Extraordinary Unreimbursed expenses resulting from identity theft or fraud.**

Total amount for this category $_____

*Attach a copy of statements that demonstrate that identity theft or fraud occurred and any correspondence showing that you reported the fraud. If you do not have anything in writing, tell us the approximate date that you reported and to whom you reported the fraud.*

You may mark out any information that is not relevant to your claim before sending in the documentation.

**Date reported**
_____

**Description of the person(s) to whom you reported the fraud**
_____
_____
_____

☐ **Check this box to confirm that you have exhausted all applicable insurance policies, including credit monitoring insurance and identity theft insurance, and that you have no insurance coverage for these fraudulent charges.**

**3. SIGN AND DATE YOUR CLAIM FORM.**

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid.

| | | |
|---|---|---|
| _____ | _____ | _____ / ___ / _____ |
| *Signature* | *Print Name* | *Month/Day/Year* |

**4. MAIL YOUR CLAIM FORM.**

This claim form must be submitted online or postmarked by **_____, 2024** and mailed to: Centerstone Settlement Claims, c/o _____